**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JULIE T., | ) | NO. SA CV 18-1401-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, DEPUTY COMMISSIONER FOR OPERATIONS, SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on August 9, 2018, seeking review of the Commissioner's denial of disability insurance benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 31, 2018. Plaintiff filed a motion for summary judgment on March 6, 2019. Defendant filed a motion for summary judgment on April 4, 2019. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed August 24, 2018.

///

**BACKGROUND**

Plaintiff, a former social worker, sought disability insurance benefits beginning January 1, 2012, based on "a multiplicity of my symptoms" from several alleged impairments (Administrative Record ("A.R.") 43-49, 55, 152-69). Plaintiff's insured status expired on March 31, 2015 (A.R. 23). Thus, the issue in the administrative proceedings was whether Plaintiff was disabled from all employment between January 1, 2012 and March 31, 2015 ("the relevant time period"). See 20 C.F.R. § 404.131; Flaten v. Secretary, 44 F.3d 1453, 1458-60 (9th Cir. 1995).

An Administrative Law Judge ("ALJ") reviewed the extensive record and heard testimony from Plaintiff and a vocational expert (A.R. 19-1051). The ALJ found that Plaintiff had several severe impairments during the relevant time period: "ulcerative colitis; inflammatory arthritis; shoulder capsulitis; headaches; and neuropathy" (A.R. 25). The ALJ also found, however, that during the relevant time period Plaintiff retained the residual functional capacity for a narrowed range of light work (A.R. 26). The work-related limitations defined by the ALJ included the need for "ready access to a restroom" and the "freedom to alternate sitting with standing and walking at the workstation" (id.). The vocational expert testified that a person with this residual functional capacity could perform jobs existing in significant numbers in the national economy (A.R. 50-51). In reliance on this testimony, the ALJ found Plaintiff not disabled during the relevant time period (A.R. 31-32). The Appeals Council denied review (A.R. 1-3).

**SUMMARY OF PLAINTIFF'S ARGUMENTS**

Plaintiff now argues that the ALJ erred by discounting: (1) the opinions of Dr. David Stanton, one of Plaintiff's treating physicians; and (2) Plaintiff's testimony and statements regarding the severity of her subjective symptomatology.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary arguments are unavailing.

**I. <u>Substantial Evidence Supports the Conclusion Plaintiff Could Work During the Relevant Time Period.</u>**

The record contains substantial evidence that Plaintiff's impairments were not of disabling severity during the relevant time period. Some of this evidence came from Plaintiff's own reports to medical examiners. For example, Plaintiff sometimes reported to examiners during the relevant time period that her ulcerative colitis produced only two or three bowel movements per day (A.R. 410-11, 620,702). By contrast, Plaintiff represented to the Administration that her ulcerative colitis produced six to eight bowel movements per
///
///
///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

4

day (A.R. 176).² Relatedly, medical notes during and immediately after the relevant time period sometimes described Plaintiff's ulcerative colitis as "mild," "asymptomatic," "fairly controlled," "stable" and/or "improved" (A.R. 410-11, 612, 716). A colonoscopy in April of 2015 confirmed chronic colitis but with only "mild to moderate activity" in the sigmoid colon and no other abnormalities (A.R. 725-28).

With regard to her joint symptoms, Plaintiff sometimes reported to medical examiners during the relevant time period that she was making "good improvement" with her pain and range of motion, that she was "doing well," and that she had "great strength" in her rotator cuff, only "mild" limitation in the rotation of her left shoulder and "tolerable" pain or "virtually no pain" (A.R. 268, 271, 276-78). Relatedly, range of motion and strength testing during the relevant time period also suggested Plaintiff's joint related difficulties were not of disabling severity (A.R. 268, 271-72, 274, 277-78, 999). X-rays of Plaintiff's shoulder taken on July 10, 2013 were essentially normal (A.R. 272). A nerve conduction study in February of 2016 showed only mild right carpal tunnel syndrome (A.R. 783).

None of Plaintiff's many treating physicians (other than Dr. Stanton, discussed <u>infra</u>) opined that Plaintiff's impairments disabled her from all employment. Two non-examining state agency physicians

---

² Plaintiff appears to have made the "six to eight" per day representation to the Administration only two days after she made a "two to three" per day representation to a medical examiner (A.R. 176, 178, 702).

5

who analyzed Plaintiff's medical records in 2015 concluded that Plaintiff retained a residual functional capacity even greater than that defined by the ALJ (A.R. 59-63, 71-73). Under the circumstances presented, such opinions support the ALJ's conclusion Plaintiff could work during the relevant time period. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinion of non-examining physician "may constitute substantial evidence when it is consistent with other independent evidence in the record"); see also Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (where the opinions of non-examining physicians do not contradict "all other evidence in the record" an ALJ properly may rely on these opinions); Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th Cir. 1990) (same).

The vocational expert testified that a person having the residual functional capacity the ALJ described could perform jobs existing in significant numbers in the national economy (A.R. 50-51). Such testimony furnishes substantial evidence of Plaintiff's non-disability during the relevant time period. See Barker v. Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986); see generally Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995) (ALJ properly may rely on vocational expert to identify jobs claimant can perform); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520, 416.920.

To the extent the evidence of record is conflicting, the ALJ properly resolved the conflicts. See Treichler v. Commissioner, 775 F.3d 1090, 1098 (9th Cir. 2014) (court "leaves it to the ALJ" to resolve conflicts and ambiguities in the record). The Court must

uphold the administrative decision when the evidence "is susceptible to more than one rational interpretation." Andrews v. Shalala, 53 F.3d at 1039-40. The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

**II. Plaintiff's Arguments are Unavailing.**

    **A. The ALJ Did Not Err in Discounting Dr. Stanton's Opinions.**

On May 8, 2017, Dr. Stanton opined that Plaintiff's impairments (primarily her ulcerative colitis) had disabled her from all employment since 2007 or earlier (A.R. 958-62). According to Dr. Stanton, during at least the previous decade, Plaintiff could sit no more than 45 minutes at a time and could sit no more than two hours total in an eight hour day (id.). According to Dr. Stanton, Plaintiff would need to lie down once or twice for one or two hours during the work day and could not frequently lift even ten pounds (id.).

Generally, a treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions). Even where the treating
///

physician's opinions are contradicted,³ "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted). Contrary to Plaintiff's arguments, the ALJ stated sufficient reasons for discounting Dr. Stanton's extreme opinions.

The ALJ aptly stated that Dr. Stanton's opinions were inconsistent with Plaintiff's known activities (A.R. 29). Indeed, Dr. Stanton opined Plaintiff was disabled from all employment during years when Plaintiff was in fact employed (A.R. 41-43) (Plaintiff testifying to her employment in 2007, 2008, 2009 and 2010). Additionally, Dr. Stanton's opinions regarding Plaintiff's supposed sitting intolerance and supposed need to lie down appear inconsistent with Plaintiff's demonstrated ability to endure long car trips to Northern California and long air travel to Ireland (A.R. 45-46, 274). Such inconsistencies between a treating physician's opinions and a claimant's activities can furnish a sufficient reason for rejecting the treating physician's opinions. See, e.g., Rollins v. Massanari,

---

³ Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

261 F.3d 853, 856 (9th Cir. 2001).

The ALJ also stated that Dr. Stanton's opinions were inconsistent with the medical evidence of record (A.R. 29-30). Indeed, Dr. Stanton's own medical treatment notes of examinations and testing (and the treatment notes of other providers in "Dr. Stanton & Associates a Medical Group, Inc.") suggest Plaintiff was not as limited as Dr. Stanton opined (A.R. 410-11, 594-99, 603, 620-21, 702-04). An ALJ may properly reject a treating physician's opinion where, as here, the opinion is not adequately supported by treatment notes or objective clinical findings. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject a treating physician's opinion that is inconsistent with other medical evidence, including the physician's treatment notes); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]").

The ALJ also pointed out that Dr. Stanton's opinions were inconsistent with the opinions of the state agency physicians (A.R. 29). A conflicting opinion by a non-examining physician, in and of itself, does not provide sufficient justification for discounting the opinion of a treating physician. See Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). In the present case, however, the ALJ did not place sole reliance on this conflict. The ALJ stated sufficient reasons, in whole, supported by evidence in the record, to justify discounting Dr. Stanton's extreme opinions.
///

**B.  The ALJ Did Not Err in Discounting Plaintiff's Testimony and Statements Regarding the Severity of Her Subjective Symptomatology.**

Plaintiff challenges the legal sufficiency of the ALJ's stated reasons for discounting Plaintiff's subjective complaints. An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, an ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d at 834; but see Smolen v. Chater, 80 F.3d at 1282-84 (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of "malingering").[4] An ALJ's credibility finding "must be sufficiently specific to allow a reviewing court to conclude the ALJ

---

[4] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d at 1102; Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling ("SSR") 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. Mar. 28, 2016).[5] As discussed below, the ALJ stated sufficient reasons for finding Plaintiff's subjective complaints less than fully credible.

The ALJ stressed that Plaintiff's allegations were inconsistent with the medical record, including records reflecting Plaintiff's own statements to medical providers (A.R. 27-30). The Court already has discussed the notable extent to which Plaintiff's statements to the Administration contradicted Plaintiff's statements to medical providers. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." Carmickle v. Commissioner, 533 F.3d 1155, 1161 (9th Cir. 2008); see Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (claimant's inconsistencies can adversely impact claimant's credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies in a claimant's statements were among the "clear and convincing reasons" for discounting claimant's credibility).

///

---

[5] The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR. See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

The ALJ also reasonably stated that Plaintiff's admitted activities suggested that her functional limits during the relevant time period were not as profound as Plaintiff claimed. For example, Plaintiff traveled long distances by car and by air, grocery shopped, performed household cleaning, including vacuuming and the cleaning of sinks and toilets, and watered her lawn (A.R. 45-46, 194, 202, 274). Inconsistencies between claimed incapacity and admitted activities properly can impugn a claimant's credibility. See Molina v. Astrue, 674 F.3d at 1112; Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Tommasetti v. Astrue, 533 F.3d at 1040 ("The ALJ properly could infer from [claimant's ability to travel to Venezuela] that [claimant] was not as physically limited as he purported to be"); Burch v. Barnhart, 400 F.3d 676, 680-812 (9th Cir. 2005) (daily activities can constitute "clear and convincing reasons" for discounting a claimant's testimony); Rollins v. Massanari, 261 F.3d at 857 (claimant's testimony regarding daily domestic activities undermined the credibility of her pain-related testimony).

The objective medical evidence cannot properly constitute the sole basis for discounting a claimant's complaints. See Burch v. Barnhart, 400 F.3d at 681. However, the objective medical evidence was not the only stated basis for discounting Plaintiff's complaints in the present case.

In sum, the ALJ stated sufficient valid reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the ALJ's credibility determination. See

Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[6]

**CONCLUSION**

For all of the foregoing reasons,[7] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 10, 2019.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court need not and does not determine whether Plaintiff's subjective complaints are credible. Some evidence suggests that those complaints may be credible. However, it is for the Administration, and not this Court, to evaluate the credibility of witnesses. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

[7] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).